# KENYON & KENYON LLP

## Resolutions

The Management Committee of Kenyon & Kenyon LLP (the "Firm"), being empowered to act on behalf of the Firm, hereby takes the following actions on its behalf:

**WHEREAS,** the Firm sponsors and maintains the Kenyon & Kenyon LLP Pension Plan (the "Plan"); and

**WHEREAS,** the Firm wishes to now allow terminated vested participants to start to receive their benefits under the Plan at any time after their termination of employment.

**NOW, THEREFORE,** be it

**RESOLVED,** that, effective as of January 1, 2007, the Plan is amended as set forth in the amendment attached hereto as Exhibit A; and it is further

**RESOLVED,** that the proper officers of the Firm be, and each of them acting singly hereby is, authorized and empowered to make, execute and deliver on behalf of the Firm all such agreements, certificates, instruments and documents and to take all such actions as may be necessary, desirable or appropriate in connection with the adoption and implementation of the foregoing resolution, the taking of any such action or the execution or delivery of any such agreement, certificate, instrument or document to be conclusive evidence that the taking of such action or execution and delivery of any such agreement, certificate, instrument or document was deemed necessary and appropriate in connection with the amendments contemplated hereby; and it is further

**RESOLVED,** that the execution by such officers of the Firm of any documents, or the doing by them of any act in connection with the foregoing matters, shall conclusively establish their authority therefore from the Firm and the approval and ratification by the Firm of the documents so executed and the action so taken.

IN WITNESS WHEREOF, the undersigned has executed these Resolutions of the Firm on this ___ day of January, 2007.

KENYON & KENYON LLP

By: _____
               Partner

DBP 000001

Exhibit A

**Amendment to the Kenyon & Kenyon LLP Pension Plan**

The following amendments are all effective as of January 1, 2007:

1.  Section 5.5(b)(3) is amended and restated, in its entirety, as follows:

    (3)   If a Terminated Vested Participant dies prior to the commencement of his pension benefit, then his Eligible Spouse shall receive a pension benefit commencing on the first day of the month coincident with or following the Participant's death. The amount of such pension benefit shall be equal to the amount the Eligible Spouse would have received had the Participant survived to the first day of such month, and died immediately thereafter with an Automatic Joint and Survivor benefit in effect, but based on the Participant's Accrued Benefit at the date of death.

2.  Section 5.5(g) is amended and restated, in its entirety, as follows:

    (g)   For the purposes of this Section, the "minimum spouse's death benefit" means a death benefit for a Vested married Participant payable in the form of a Pre-Retirement Survivor Annuity. Such annuity payments shall be equal to the amount which would be payable as a survivor annuity under the joint and survivor annuity provisions of the Plan if such Participant had:

    (1)   separated from service on the earlier of the actual time of separation or the date of death,

    (2)   retired with an immediate joint and survivor annuity based on the Participant's Vested Accrued Benefit on the earlier of the actual time of separation or the date of death, and

    (3)   died on the following day.

3.  Section 5.6(a) is amended and restated, in its entirety, as follows:

    (a)   Payment to a Former Participant of the Vested portion of such Former Participant's Accrued Benefit, unless such Former Participant otherwise elects, shall begin not later than the 60th day after the close of the Plan Year in which the latest of the following events occurs: (1) the date on which the Participant attains the earlier of age 65 or the Normal Retirement Age specified herein; (2) the 10th anniversary of the year in which the Participant commenced participation in the Plan; or (3) the date the Participant terminates service with the Employer. A Former Participant may elect to have payment of the Vested portion of such person's Accrued Benefit begin on or after the first day of the month coincident with or next following the date the Participant terminates service with the Employer. In the event that a Former Participant elects to receive such payment prior to such person's Normal Retirement Date, such benefit shall be equal to the Actuarial Equivalent of such Former Participant's Accrued Benefit.

DBP 000002

2

[The Administrator shall in all events (and without the need for any election on the part of any Former Participant) direct the earlier payment of the entire Vested portion of the Present Value of Accrued Benefit, but only if it does not exceed $5,000.]

That portion of a Terminated Participant's Accrued Benefit that is forfeited shall be used only to reduce future costs of the Plan at such time as it becomes a forfeiture.

That portion of a Terminated Participant's Accrued Benefit that is not Vested shall become a forfeiture on the last day of the Plan Year in which the Participant incurs five (5) consecutive 1-Year Breaks in Service.

DBP 000003

# KENYON & KENYON

## Resolutions

The Pension Committee of Kenyon & Kenyon (the "Firm"), being empowered to act on behalf of the Firm, hereby takes the following actions on its behalf:

**WHEREAS,** the Firm sponsors and maintains the Kenyon & Kenyon Pension Plan (the "Plan"); and

**WHEREAS,** effective June 1, 2006, the Firm wishes to eliminate all future increases in the amount of benefits payable under the Plan in the case of any Plan participant who terminates employment (even if prior to that date) and delays the receipt of Plan benefits beyond such person's "Normal Retirement Date," as defined in the Plan.

**NOW, THEREFORE,** be it

**RESOLVED,** that, effective June 1, 2006, the Plan is amended as set forth in the amendment attached hereto as Exhibit A; and it is further

**RESOLVED,** that the proper officers of the Firm be, and each of them acting singly hereby is, authorized and empowered to make, execute and deliver on behalf of the Firm all such agreements, certificates, instruments and documents and to take all such actions as may be necessary, desirable or appropriate in connection with the adoption and implementation of the foregoing resolution, the taking of any such action or the execution or delivery of any such agreement, certificate, instrument or document to be conclusive evidence that the taking of such action or execution and delivery of any such agreement, certificate, instrument or document was deemed necessary and appropriate in connection with the amendments contemplated hereby; and it is further

**RESOLVED,** that the execution by such officers of the Firm of any documents, or the doing by them of any act in connection with the foregoing matters, shall conclusively establish their authority therefor from the Firm and the approval and ratification by the Firm of the documents so executed and the action so taken.

IN WITNESS WHEREOF, the undersigned has executed these Resolutions of the Firm on this 3*l* day of March, 2006.

KENYON & KENYON

By: _____

Partner

Exhibit A

## Amendment to the Kenyon & Kenyon Pension Plan

A new Section 5.1(e) is added to the end of Section 5.1, as follows:

       (e)    Except to the extent otherwise required pursuant to Code Section 401(a)(9)(C)(iii), there shall, for periods on and after June 1, 2006, be no actuarial adjustment (or any other increase) pursuant to Section 5.1(d) (or any other provision of the Plan) in the amount of any Participant's retirement benefits otherwise determined pursuant to this Section 5.1 (including, for this purpose, such retirement benefits otherwise determined after taking into account the amount of any adjustment up through May 31, 2006, pursuant to Section 5.1(d)) on account of such a Participant's "Benefit Commencement Delay." For purposes of this Section 5.1(e), (i) with respect to a Participant who terminates employment with the Employer prior to such person's Normal Retirement Age, a Benefit Commencement Delay shall be deemed to occur if such person's Annuity Starting Date, for any reason, fails to occur on or before such person's Normal Retirement Date and (ii) with respect to a Participant who terminates employment with the Employer on or after such person's Normal Retirement Age, a Benefit Commencement Delay shall be deemed to occur if such person's Annuity Starting Date, for any reason, fails to occur as of the first day of the month coincident with or next following such termination of employment. The provisions of this Section 5.1(e) shall apply notwithstanding the foregoing provisions of this Section 5.1, or of any other provision of the Plan, to the contrary.

DBP 000006

# AMENDMENT TO THE
# KENYON & KENYON PENSION PLAN

WHEREAS, Kenyon & Kenyon maintains the Pension Plan (the "Plan"); and

NOW THEREFORE, by virtue and in exercise of the amending power reserved to Kenyon & Kenyon by the provisions of the Plan, and pursuant to the authority delegated by Kenyon & Kenyon to the undersigned Partner thereof, the Plan is hereby amended in the following particulars as of January 1, 2006 except as otherwise indicated:

1. The name of the Plan shall be "Kenyon & Kenyon LLP Pension Plan" and the first paragraph of the Plan is hereby amended to read as follows:

   "WHEREAS, the Employer heretofore established a Pension Plan and Trust effective October 1, 1989, (hereinafter called the "Effective Date") known as Kenyon & Kenyon Pension Plan (herein referred to as the "Plan") and effective January 1, 2006, known as Kenyon & Kenyon LLP Pension Plan in recognition of the contribution made to its successful operation by its employees and for the exclusive benefit of its eligible employees; and

   WHEREAS, under the terms of the Plan, the Employer has the ability to amend the Plan;

   NOW, THEREFORE, effective October 1, 2002, except as otherwise provided, the Employer in accordance with the provisions of the Plan pertaining to amendments thereof, hereby amends the Plan in its entirety and restates the Plan to provide as follows:"

IN WITNESS WHEREOF, the undersigned partner of Kenyon & Kenyon has caused these presents to be signed on behalf of the Firm this 5th day of January 2006.

Kenyon & Kenyon

By: _Robert M Lb_____

Partner

## AMENDMENT TO THE
## KENYON & KENYON PENSION PLAN

WHEREAS, Kenyon & Kenyon maintains the Pension Plan (the "Plan"); and

NOW THEREFORE, by virtue and in exercise of the amending power reserved to Kenyon & Kenyon by the provisions of the Plan, and pursuant to the authority delegated by Kenyon & Kenyon to the undersigned Partner thereof, the Plan is hereby amended in the following particulars as of October 1, 2005 except as otherwise indicated:

1.  The second paragraph of Section 5.7(c) is hereby amended by replacing the existing language with the following:

    "If, for Plan Years beginning after September 30, 2005 the value of the Participant's benefit derived from Employer and Employee contributions exceeds $1,000 but does not exceed $5,000, then the Administrator shall pay the distribution in a direct rollover to an individual retirement plan designated by the Administrator. If, for Plan Years beginning after September 30, 2005 the value of the Participant's benefit derived from Employer and Employee contributions does not exceed $1,000 ($5,000 for Plan Years beginning after August 6, 1997 and before October 1, 2005 and $3,500 for Plan Years beginning prior to August 6, 1997), then the Administrator shall direct the Trustee to immediately distribute such benefit in a lump sum without the Participant's and the Participant's spouse's written consent. No distribution may be made under the preceding sentence after the Annuity Starting Date unless the Participant and the Participant's spouse consent in writing (or in such form as permitted by the Internal Revenue Service) to such distribution."

2.  Section 5.11 is hereby amended by replacing the existing language with the following:

    "In the event that all, or any portion, of the distribution payable to a Participant or Beneficiary hereunder shall, at the later of the Participant's attainment of age 62 or Normal Retirement Age, remain unpaid solely by reason of the inability of the Administrator, after sending a registered letter, return receipt requested, to the last known address, and after further diligent effort, to ascertain the whereabouts of such Participant or Beneficiary, the amount so distributable shall be forfeited and shall be used to reduce the cost of the Plan. Notwithstanding the foregoing, effective October 1, 2005 if the value of a Participant's Vested benefit derived from Employer and Employee contributions does not exceed $1,000 ($5,000 for Plan Years beginning after August 6, 1997 and before October 1, 2005 and $3,500 for Plan Years beginning prior to August 6, 1997), then the amount distributable may, in the sole discretion of the Administrator, either be treated as a forfeiture, or be paid directly to an

DBP 000008

individual retirement account described in Code Section 408(a) or an individual retirement annuity described in Code Section 408(b) at the time it is determined that the whereabouts of the Participant or the Participant's Beneficiary cannot be ascertained.  In the event that the value of a Participant's Vested benefit derived from Employer and Employee contributions exceeds $1,000 and does not exceed $5,000, the Administrator shall pay the distribution in a direct rollover to an individual retirement plan designated by the Administrator.  In the even a Participant or Beneficiary is located subsequent to the benefit being forfeited, such benefit shall be restored unadjusted for earnings or losses.  However, regardless of the preceding, a benefit which is lost by reason of escheat under applicable state law is not treated as forfeiture for purposes of this Section nor as an impermissible forfeiture under the Code."

IN WITNESS WHEREOF, the undersigned partner of Kenyon & Kenyon has caused these presents to be signed on behalf of the Firm this 4 th day of *October*, 2005.

Kenyon & Kenyon

By: _____

Partner

2

DBP 000009

## AMENDMENT TO THE
## KENYON & KENYON PENSION PLAN

WHEREAS, Kenyon & Kenyon maintains the Pension Plan (the "Plan"); and

NOW THEREFORE, by virtue and in exercise of the amending power reserved to Kenyon & Kenyon by the provisions of the Plan, and pursuant to the authority delegated by Kenyon & Kenyon to the undersigned Partner thereof, the Plan is hereby amended in the following particulars as of October 1, 2005 except as otherwise indicated:

1.  Section 1.14 is hereby amended by replacing the existing language with the following:

    "1.14  'Early Retirement Date' means the first day of the month (prior to the Normal Retirement Date) coinciding with or following the date on which a Participant or Former Participant separates from service and has completed at least 3 Years of Service with the Employer (Early Retirement Age)."

IN WITNESS WHEREOF, the undersigned partner of Kenyon & Kenyon has caused these presents to be signed on behalf of the Firm this _4_ th day of _October_, 200_5_.

Kenyon & Kenyon

By: _Robert Nolin_

Partner

DBP 000010

# KENYON & KENYON

### Resolutions

The Management Committee of Kenyon & Kenyon (the "Firm"), being empowered to act on behalf of the Firm, hereby takes the following actions on its behalf:

**WHEREAS**, the Firm sponsors and maintains the Kenyon & Kenyon Pension Plan (the "Plan");

**WHEREAS**, the Firm has now determined to freeze coverage and benefit accruals under the Plan.

**NOW, THEREFORE**, be it

**RESOLVED**, that the Plan be, and hereby is, amended, without the need for any further action, so as to freeze coverage and all benefit accruals under the Plan, effective December 31, 2003.

**FURTHER RESOLVED**, that all other provisions of the Plan shall remain in full force and effect.

**FURTHER RESOLVED**, that any member of the Pension Committee is authorized and directed to prepare the actual text of the foregoing amendment.

IN WITNESS WHEREOF, the undersigned has executed these Resolutions of the Firm on this 30th day of September 2003.

KENYON & KENYON

By: _____
        Partner

DBP 000011

# AMENDMENT TO THE
# KENYON & KENYON
# PENSION PLAN

**WHEREAS**, Kenyon & Kenyon (hereinafter referred to as the "Employer") has previously adopted the Kenyon & Kenyon Pension Plan (the "Plan");

**WHEREAS**, the Employer desires to amend the Plan;

**NOW THEREFORE**, the Employer hereby amends the Plan effective April 1, 1998, unless otherwise stated, as follows.

    1.        Section 5.04 shall be amended by inserting the following after the first paragraph thereof:

"The provisions of the preceding paragraph shall be read by replacing the amount '$3,500' with '$5,000'."

    2.        Section 5.04 shall be amended by inserting the following after the fourth paragraph thereof:

"For purposes of determining the present value equivalent for lump sum payments under the Plan, the actuarial equivalent shall be determined based upon (i), (ii) or (iii) below, whichever produces the greatest lump sum payment.  Effective April 1, 1999, the actuarial equivalent shall be determined based upon (i) or (iii) below, whichever produces the greatest lump sum payment."

(i)      The assumptions provided in Section 1.02 of this plan.

(ii)     The annual rate of interest on 30-year Treasury securities for the month prior to the date in which the distribution is made.  The mortality table referred to in this paragraph shall be the table prescribed by the Secretary of the Treasury.  Such table shall be based on the prevailing commissioners' standard table, as described in section 807 (d) (5) (A) of the Code, used to determine reserves for group annuity contracts issued on the date as of which the present value is being determined (without regard to any other subparagraph of the Section 807 (d) (5)).

(iii)    The annual rate of interest on 30-year Treasury securities for the second preceding month prior to the six month period commencing on either the April 1st or October 1st in which the distribution is made. The mortality table referred to in this paragraph shall be the table prescribed by the Secretary of the Treasury.  Such table shall be based on the prevailing commissioners' standard table, as described in

DBP 000012

Section 807 (d) (5) (A) of the Code, used to determine reserves for group annuity contracts issued on the date as of which the present value is being determined (without regard to any other subparagraph of Section 807 (d) (5)). As of April 1, 1998, the prevailing Commissioner's standard mortality table is the 1983 Group Annuity Mortality Table.

**IN WITNESS WHEREOF,** the Employer has caused this Amendment to be executed by a duly authorized person as of this *16th* day of *March* 1998.

**KENYON & KENYON**


By: *William T Bala...* 
Partner

knkamd.008

DBP 000013

## AMENDMENT TO THE
## KENYON & KENYON
## PENSION PLAN

WHEREAS, Kenyon & Kenyon (hereinafter referred to as the "Employer") has previously adopted the Kenyon & Kenyon Pension Plan (the "Plan");

WHEREAS, the Employer desires to amend the Plan, effective October 1, 1994;

NOW THEREFORE, the Employer hereby amends the Plan as follows:

Section 3.03 shall be amended by deleting the first paragraph and inserting the following paragraph to the beginning thereof:

"Should an Employee continue employment after his Normal Retirement Date, the amount of pension benefit he receives at his actual retirement date shall be determined to be the greater of (a) the amount of pension in accordance with Section 3.01, but based on his Compensation and Years of Service to his actual retirement date, (b) the Actuarial Equivalent value of his Accrued Benefit determined as of his Normal Retirement Date to his actual retirement date."

IN WITNESS WHEREOF, The Employer has caused this Amendment to be executed by a duly authorized officer as of this 10 day of May, 1994.5 uↄB1

KENYON & KENYON

By: William T Balandy
    Partner

knkamd.007

DBP 000014

### AMENDMENT TO THE
### KENYON & KENYON
### PENSION PLAN

**WHEREAS,** Kenyon & Kenyon (hereinafter referred to as the "Employer") has previously adopted the Kenyon & Kenyon Pension Plan (the "Plan");

**WHEREAS,** the Employer desires to amend the Plan;

**NOW THEREFORE,** the Employer hereby amends the Plan effective April 1, 1998, unless otherwise stated, as follows.

      1.    Section 5.04 shall be amended by inserting the following after the first paragraph thereof:

"The provisions of the preceding paragraph shall be read by replacing the amount '$3,500' with '$5,000'."

      2.    Section 5.04 shall be amended by inserting the following after the fourth paragraph thereof:

"For purposes of determining the present value equivalent for lump sum payments under the Plan, the actuarial equivalent shall be determined based upon (i), (ii) or (iii) below, whichever produces the greatest lump sum payment. Effective April 1, 1999, the actuarial equivalent shall be determined based upon (i) or (iii) below, whichever produces the greatest lump sum payment."

(i)    The assumptions provided in Section 1.02 of this plan.

(ii)    The annual rate of interest on 30-year Treasury securities for the month prior to the date in which the distribution is made. The mortality table referred to in this paragraph shall be the table prescribed by the Secretary of the Treasury. Such table shall be based on the prevailing commissioners' standard table, as described in section 807 (d) (5) (A) of the Code, used to determine reserves for group annuity contracts issued on the date as of which the present value is being determined (without regard to any other subparagraph of the Section 807 (d) (5)).

(iii)    The annual rate of interest on 30-year Treasury securities for the second preceding month prior to the six month period commencing on either the April 1st or October 1st in which the distribution is made. The mortality table referred to in this paragraph shall be the table prescribed by the Secretary of the Treasury. Such table shall be based on the prevailing commissioners' standard table, as described in

DBP 000015

Section 807 (d) (5) (A) of the Code, used to determine reserves for group annuity contracts issued on the date as of which the present value is being determined (without regard to any other subparagraph of Section 807 (d) (5)).   As of April 1, 1998, the prevailing Commissioner's standard mortality table is the 1983 Group Annuity Mortality Table.

IN WITNESS WHEREOF, the Employer has caused this Amendment to be executed by a duly authorized person as of this          day of          , 1998.

**KENYON & KENYON**

By:_____
Partner

knkamd.008

DBP 000016

# AMENDMENT

# TO THE

# KENYON & KENYON PENSION PLAN

**WHEREAS**, Kenyon & Kenyon (the "Employer") has previously adopted the Kenyon & Kenyon Pension Plan (the "Plan"); and

**WHEREAS**, the Employer now desires to amend the Plan to incorporate the Model Amendments set forth in Rev. Procs. 93-12, 93-47 and 94-13; and

**NOW, THEREFORE,** the Employer hereby amends the Plan, effective October 1, 1993, unless otherwise indicated, as follows:

1.    Effective as of October 1, 1994, Section 1.08 shall be amended by adding the following immediately preceding the last paragraph thereof:

"In addition to other applicable limitations set forth in the Plan, and notwithstanding any other provision of the Plan to the contrary, for Plan Years beginning on or after October 1, 1994, the annual Compensation of each Employee taken into account under the Plan shall not exceed the OBRA '93 annual compensation limit. The OBRA '93 annual compensation limit is $150,000, as adjusted by the Commissioner for increases in the cost-of-living in accordance with Section 401(a)(17)(B) of the Internal Revenue Code.  The cost-

DBP 000017

of-living adjustment in effect for a calendar year applies to any period, not exceeding 12 months, over which Compensation is determined (determination period) beginning in such calendar year. If a determination period consists of fewer than 12 months, the OBRA '93 annual compensation limit will be multiplied by a fraction, the numerator of which is the number of months in the determination period, and the denominator of which is 12.

For Plan Years beginning on or after October 1, 1994, any reference in this Plan to the limitation under Section 401(a)(17) of the Code shall mean the OBRA '93 annual compensation limit set forth in this provision.

If Compensation for any prior determination period is taken into account in determining an employee's benefits accruing in the current Plan Year, the Compensation for that prior determination period is subject to the OBRA '93 annual compensation limit in effect for that prior determination period. For this purpose, for determination periods beginning before the first day of the first Plan Year beginning on or after October 1, 1994, the OBRA '93 annual compensation limit is $150,000."

2.  Article V is hereby amended by the addition of a new Section 5.07 as follows:

"5.07   Direct Rollovers.

This paragraph applies to distributions made on or after October 1, 1993.  Notwithstanding any provision of the Plan to the contrary that would otherwise limit a distributee's

DBP 000018

election under this paragraph, a distributee may elect, at the time and in the manner prescribed by the Plan Administrator, to have any portion of an eligible rollover distribution paid directly to an eligible retirement plan specified by the distributee in a direct rollover. Such distribution may commence less than 30 days after the notice required under Section 1.411(a)-1(k) of the Income Tax Regulations is given, provided that (i) the Plan Administrator clearly informs the Participant that the Participant has a right to a period of at least 30 days after receiving the notice to consider the decision of whether or not to elect a distribution (and, if applicable, a particular distribution option), and (ii) the Participant, after receiving the notice, affirmatively elects a distribution.

For purposes of this Section, the following definitions shall apply:

Eligible rollover distribution: An eligible rollover distribution is any distribution of all or any portion of the balance to the credit of the distributee, except that an eligible rollover distribution does not include: any distribution that is one of a series of substantially equal periodic payments (not less frequently than annually) made for the life (or life expectancy) of the distributee or the joint lives (or joint life expectancies) of the distributee and the distributee's designated beneficiary, or for a specified period of ten years or more; any distribution to the extent such distribution is required under Section 401(a)(9) of the Code; and the portion of any distribution that is not includible in gross income (determined without regard to the

DBP 000019

exclusion for net unrealized appreciation with respect to employer securities).

Eligible retirement plan: An eligible retirement plan is an individual retirement account described in Section 408(b) of the code, an annuity plan described in Section 403(a) of the Code, or a qualified trust described in Section 401(a) of the Code, that accepts the distributee's eligible rollover distribution. However, in the case of an eligible rollover distribution to the surviving spouse, an eligible retirement plan is an individual retirement account or individual retirement annuity.

Distributee: A distributee includes an employee or former employee. In addition, the employee's or former employee's surviving spouse and the employee's or former employee's spouse or former spouse who is the alternate payee under a qualified domestic relations order, as defined in Section 414(p) of the Code, are distributees with regard to the interest of the spouse or former spouse.

Direct rollover: A direct rollover is a payment by the plan to the eligible retirement plan specified by the distributee."


**IN WITNESS WHEREOF,** the Employer has caused this Amendment to be executed as of this 1̇7 day of February, 1995.


KENYON & KENYON


By: _William T. Balon̈_
            Partner

DBP 000020

## AMENDMENT TO THE
## KENYON & KENYON
## PENSION PLAN

WHEREAS, Kenyon & Kenyon (hereinafter referred to as the "Employer") has previously adopted the Kenyon & Kenyon Pension Plan (the "Plan");

WHEREAS, the Employer desires to amend the Plan, effective January 1, 1995.

NOW THEREFORE, the Employer hereby amends the Plan as follows:

1.    Article V shall be amended by adding the following Section 5.06 at the end thereof

"5.06    <u>In-Service Distributions</u>

"Effective on and after January 1, 1995, an Inactive Participant who has attained his Normal Retirement Date may elect to commence distribution of his Accrued Benefit in accordance with the provisions of this Article V, upon 15 days written notice to the Plan Administrator."

IN WITNESS WHEREOF, the Employer has caused this Amendment to be executed by a duly authorized officer as of this ᗰᴑᵗʰ day of January ,1995.

KENYON & KENYON

By: _William T Balan_

knkamd.006

**DBP 000021**

AMENDMENT TO THE
KENYON & KENYON
PENSION PLAN

WHEREAS, Kenyon & Kenyon (hereinafter referred to as the "Employer") has previous adopted the Kenyon & Kenyon Pension Plan (the "Plan");

WHEREAS, the Employer desires to amend the Plan, effective January 1, 1995;

NOW THEREFORE, the Employer hereby amends the plan as follows.

1.    Section 5.04 shall be amended by deleting it in its entirety and replacing it as follows:

"If the single lump sum value of a terminating or retiring participant's vested Accrued Benefit, as determined below, is less than or equal to $3,500, then the Plan Administrator, in its sole discretion, may elect to make a single lump sum payment of the benefit, without any requirement of the consent of such participant or his Eligible Spouse.

A Participant who has attained his Early Retirement Date or his Normal Retirement Date at the time of his termination of employment may elect to receive a single lump sum payment of his Accrued benefit.

For distributions made prior to January 1, 1995, the amount of any lump sum benefit payable under the Plan shall be equal to the greatest of (a), (b) and (c) below:

(a)    the lesser of (i) and (ii):

i)    The actuarial equivalent value of the participant's Accrued Benefit based on the interest rates promulgated by the PBGC as of the first day of the Plan Year in which the distribution is to be made and the 1983 Group Annuity Mortality Table; and

ii)    $25,000.

b)    The actuarial equivalent value of the Participant's Accrued Benefit calculated as in (a) (i) above, but using interest rates equal to 120% of the rates promulgated by the PBGC as of the first day of the Plan year in which the distribution is to be made.

DBP 000022

c)    The Actuarial Equivalent value of the Participant's Accrued Benefit determined in accordance with Section 1.02.

For distributions made after December 31, 1994, the amount of any lump sum benefit payable under the Plan should be equal to the greatest of (d) and (e) below:

d)    the Actuarial Equivalent value of the Participant's Accrued Benefit determined in accordance with Section 1.02.

e)    The Actuarial Equivalent value of the Participant's Accrued Benefit based on the annual rate of interest on 30-year Treasury Securities at the beginning of the month prior to the month in which the distribution is made.  The mortality table shall be the table prescribed by the Secretary. Such table shall be based on the prevailing Commissioner's standard table as described in Section 807(d)(5)(A), used to determine reserves for group annuity contracts issued on the date as of which the present value is being determined (without regard to any other subparagraph of Section 807(d)(5)).    As of January 1, 1995, the prevailing Commissioner's standard mortality table is the 1983 Group Annuity Mortality table."

IN WITNESS THEREOF, The Employer has caused this Amendment to be executed by a duly authorized officer as of this 30 th day of December 1994.

KENYON & KENYON

By: _William T Balan_
     Partner

knkdoc.008

DBP 000023

### SECOND AMENDMENT TO THE
### KENYON & KENYON
### <u>PENSION PLAN</u>

WHEREAS, Kenyon & Kenyon (hereinafter referred to as the "Employer") has previously adopted the Kenyon & Kenyon Pension Plan (the "Plan");

WHEREAS, the Employer desires to amend the Plan, effective October 1, 1993;

NOW THEREFORE, the Employer hereby amends the Plan as follows:

1.    Section 1.01 shall be amended by inserting the following paragraph at the end thereof:

"The Accrued Benefit determined as of October 1, 1993 and payable as of a Participant's Normal Retirement Date determined under this Second Amendment shall be the Actuarial Equivalent of the Accrued Benefit as of September 30, 1993 and payable at such Participant's Normal Retirement Date determined without regard to this Second Amendment."

2.    Section 1.24 shall be amended by inserting the following paragraph at the end thereof:

"Effective on and after October 1, 1993, 'Normal Retirement Date' shall mean the later of (i) the date on which the Employee attains Age 60, and (ii) the first day of the Plan Year coincident with or immediately preceding the third (3rd) anniversary of the first date on which the Employee is a Participant in the Plan."

3.    Section 3.01 shall be amended by inserting the following paragraph after subparagraph (a) thereof:

"Notwithstanding the foregoing, for plan years commencing on or after October 1, 1993, the rate of accrual of a Highly Paid Employee's benefit as described in the preceding sentence shall be multiplied by 40/65 for each Plan Year remaining in the ten (10) Plan Year period."

DBP 000024

4.    Section 3.01 subparagraph (b), shall be amended by deleting it in its entirety and replacing it as follows:

"(b)    <u>Future Service Benefit</u> - An amount credited for each Plan Year commencing on October 1, 1989 through September 30, 1993 during which a Participant has a Year of Service equal to 0.65% of the Participant's Compensation for such Plan Year.   On and after October 1, 1993, a Participant shall be credited with an amount equal to 0.40% of the Participant's Compensation for such Plan Year. Notwithstanding the foregoing, for the last Plan Year during which a Participant participates in the Plan, he shall receive the benefit described in this subparagraph (b) regardless of whether he is credited with a Year of Service for such Plan Year."

IN WITNESS WHEREOF, The Employer has caused this Amendment to be executed by

a duly authorized officer as of this 30   day of Sept., 1993.

KENYON & KENYON

By: _William T Boland_

Partner

knkamd.002

DBP 000025

### AMENDMENT TO THE
### KENYON & KENYON
### PENSION PLAN

WHEREAS, Kenyon & Kenyon (hereinafter referred to as the "Employer") has previously adopted the Kenyon & Kenyon Pension Plan (the "Plan");

WHEREAS, The Employer desires to amend the Plan, effective June 1, 1993;

NOW THEREFORE, The Employer hereby amends the Plan as follows:

1.  Section 3.03 shall be amended by inserting the following paragraph after the first paragraph thereof:

    "Any benefits payable under this Section shall be reduced by any benefits previously distributed pursuant to the provisions of Section 5.06."

2.  Article V shall be amended by adding the following Section 5.06 at the end therof:

"5.06    In-Service Distributions

    "Effective on and after June 1, 1993, an Active Participant who has attained his Normal Retirement Date may elect to commence distribution of his Accrued Benefit in accordance with the provisions of this Article V, upon 15 days written notice to the Plan Administrator."

IN WITNESS WHEREOF, The Employer has caused this Amendment to be executed by a duly authorized officer as of this *27* day of *May*, 1993.

KENYON & KENYON

By: _William T Balough_
    Partner

DBP 000026