# EXHIBIT G

**Subject:** FW: Decision of Joint Committees on DBP
**Date:** October 12, 2006Thursday 5:55 PM
**From:** Barry, John <JBarry@kenyon.com>
**To:** "Brainard, Charles" <CBrainard@kenyon.com>
**Cc:** "Gresalfi, Richard" <RGresalfi@kenyon.com>
**Conversation:** Decision of Joint Committees on DBP

Charles,

Per Rich Gresalfi's email of October 3rd, I will be deducting $3,994.56 from your semi-monthly Memo Account distributions beginning tomorrow, October 13th. The calculation of the amount being deducted is as follows:

| | |
|---|---|
| $142,086 | Amount Kenyon & Kenyon paid on CRB behalf but not deducted from distributions |
| $155,278 | Amount of the defined benefit plan under funding |
| $297,364 | Total |
| ($105,625) | Amount held from FY 2006 Of Counsel compensation ($250,000 less $144,375 paid) |
| $191,739 | Adjusted Total |
| $3,994.56 | Amount to be deducted over the next 48 semi-monthly (2 years) distributions |

Should you have any questions, please feel free to call.

John

---

**From:** Gresalfi, Richard
**Sent:** Tuesday, October 03, 2006 11:24 PM
**To:** Brainard, Charles
**Cc:** ~Management Committee; ~Executive Committee; ~Percentage Committee
**Subject:** Decision of Joint Committees on DBP

Dear Charles:

As you know, since our meeting on September 7, the joint Committees (Management, Percentage, Executive and Pension) have been considering your position regarding the approximately $300,000 excess distribution to you from the Defined Benefit Plan (DBP) trust beyond the sum of your contributions, plus interest at the DBP's defined interest rates. If the $300,000 excess distribution is not refunded to the DBP trust, the current partners would be required personally to make up that shortfall under the prevailing conditions.

The joint Committees have decided that it is not appropriate for the Firm to relieve you of what we feel is an obligation to return the $300,000 excess distribution to the DBP trust. We do not believe it was the intent of the plan that "windfall" monies, that is, those beyond a partner's contributions to the plan plus accumulated interest, be retained, and certainly there can be no

B00049

argument that you ought to be permitted to withdraw distributions not made by you to the DBP. In fact, we note that it appears that it was improper for you to have participated in the DBP after your retirement in 2003 in any event (see Plan Document: "Of Counsel ... shall not be eligible to participate in this plan").

Charles, as we have expressed to you, the joint Committees and the entire firm owes you a debt of gratitude for your long and valued service to the Kenyon family. For that very reason, the Firm honored your request that you stay with the firm in an "of counsel" position for three years past the Firm's mandatory retirement age of 70, and paid you stipends during that period of time in excess of $1.2 million dollars. It was never the intention of the firm that, by doing so, you would also realize a substantial excess distribution from the DBP trust. As you hinted there might be some financial pressure on you at this time (despite the stipends over the last three years), as we always do with our fellow partners and ex-partners, we will be flexible on the return of the money to the trust. In this regard, we are willing and are preparing to have the money deducted over the next two years from the nearly $1,000,000.00 remaining in your memo account.

Regards,

**Richard S. Gresalfi**
**Kenyon & Kenyon LLP**
One Broadway | New York, NY 10004-1007
212.908.6213 Phone | 212.425.5288 Fax
rgresalfi@kenyon.com <BLOCKED::mailto:RGresalfi@kenyon.com> | www.kenyon.com <BLOCKED::http://www.kenyon.com/>